IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

UNITED STATES OF AMERICA         14-CR-6123 (EAW)

    -vs-                            GOVERNMENT'S MOTION
                                             OPPOSING RELEASE

BRANDON CORREA,

              **Defendant**.
-----------------------------------------------------------------

      The United States of America, by and through its attorneys, William J. Hochul, Jr., United States Attorney for the Western District of New York, and Craig R. Gestring, Assistant United States Attorney, of counsel, hereby files its response to the motion filed by defendant BRANDON CORREA on or about July 7, 2015, seeking *de novo* review of the Magistrate Courts Detention Order issued July 1, 2015. The United States respectfully asks this Court to uphold the Magistrate's findings that no condition or combination of conditions exist which will reasonably assure the appearance of this defendant as required and which will assure the safety of any other person and the community.

## THE FACTS

      On June 11, 2014, New York State Police Protective Service Unit (PSU) Investigators observed an online threat posted on Twitter against the Lieutenant Governor of the State of New York. In reviewing the Twitter feed that contained the threat, PSU investigators also found online threats posted against the Governor and the President of the United States. PSU notified the United States Secret Service about the threat to President Obama, and the threats were traced back to Rochester resident, Brandon Correa.

The investigation showed that there were two online postings on the defendant's Twitter account addressed to President Obama which said "Get ready to die faggot" followed by the word "DETONATE" and "You are a marked bitch…Im coming to watch you die". There were also two online Twitter postings addressed to Governor Cuomo which said "You owe faggot…get ready to die…BAPHOMET sent me" and "Get ready to die". In between these postings was another one which said "My job is to announce Death…my hands are clean. Upstate NY shall be avenged. Watch them die…it's already scene." There followed a posting to "Lieutenant Governor Duffy" which read "Get ready to die…"

Around 8:45pm on June 11, a Secret Service Agent and PSU Investigator went out to interview the defendant at his home. Due to officer safety concerns about the area, they brought along two uniformed State Troopers for security. They approached the house and asked a family member if the defendant was home. That person went in to get the defendant, who burst out of the home shortly thereafter and ran towards law enforcement in an "aggressive manner", making physical contact with the Secret Service Agent's chest. During this time the defendant was saying "I'll take care of this."

The defendant openly admitted to making threats against the President and claimed he was receiving messages from Jehovah. He repeatedly told law enforcement that Obama was "evil" and that Obama "must die." When asked what he would do if he met the President, the defendant became very agitated and began screaming "Obama is evil and his death is imminent." All this took place on the sidewalk outside the defendant's residence.

The defendant told law enforcement that he posted to Twitter using his cellular phone which was in his pants pocket. The defendant refused to sign a formal consent to search form allowing agents to search his home or phone, but the defendant did permit an

Agent to briefly check the defendant's Twitter feed from his phone. The defendant was not arrested at that time.

The next morning, the FBI got a call from Xerox security who reported that they received a threatening message via Twitter from someone eventually identified as Brandon Correa. The message, sent to Xerox Corporation, stated "How many of your buildings have exploded". The message was linked to a website which showed a cartoon bomb and a countdown timer which was set to go off on June 16. Xerox security also noted threats against the President, the Governor and Lt. Governor on the defendant's Twitter feed. They contacted the Secret Service and were advised that the Service would be obtaining an arrest warrant for the defendant. Based on that, Xerox did not take any further action and no criminal charges resulted.

An arrest warrant was obtained for the threats made against the President, Governor, and Lt. Governor, and the defendant was arrested the following day by the Secret Service. The defendant appeared in Court and was initially detained for mental competency proceedings. However, that motion was subsequently withdrawn and the defendant was released on conditions which prohibited the defendant from engaging in any new criminal conduct. The defendant's release conditions also specifically prohibited him from having any contact - directly or indirectly - with the President, Governor, or Lieutenant Governor. The defendant was also specifically prohibited from engaging in any acts or threats of violence.

The defendant was subsequently indicted relative to his threats against the President, Governor, and Lieutenant Governor and was arraigned on August 5, 2014. Following his arraignment, the defendant was again released with the same conditions of release to

include no contact - directly or indirectly – with the President, Governor, or Lieutenant Governor, and a prohibition against engaging in any acts or threats of violence. However, within hours of his release, the defendant was again posting online threats against the President, the Governor, and the Lieutenant Governor. In addition, the defendant also posted online threats against the Mayor of Rochester.

The new threats were also investigated, and that investigation revealed that the defendant, using the online Twitter account "SIR SA EERIE CANAL", an alias which the defendant had used in the past, posted multiple messages on President Obama's Twitter page as well as that of Governor Cuomo and LT. Governor Duffy's Twitter pages directing threats at them specifically. The defendant also sent threats against them directly to the United States Secret Service. Among the material posted by the defendant was:

> "if you love Christ always be ready to die" Posted at 7:55 PM on August 6, 2014 and again at 7:56 PM on August 6, 2014.

> "@BarackObama#GETREADYTODIE" posted on Twitter on August 7, 2014 at 11:31 AM.

This Twitter Page also contained multiple photographs of the defendant, some of which were accompanied by threats directed at the President, Governor, Lt. Governor, and the Secret Service saying "IF YOU LOVE CHRIST, ALWAYS BE PREPARED TO 'DIE'". The Twitter page also contained links to an online petition to "Free Brandon Correa aka Eerie…"

In addition, the defendant created a Facebook page titled "Get Ready to Die". This page was created on August 7, 2014 at 12:39 AM. The webpage opened with photographs of the President of the United States, The First Lady of the United States, the Governor of the State of New York, and the Lt. Governor of the State of New York. This page also

contained references to and quotes from news reports of the defendant's August 5 indictment. On this Facebook page, posted after the defendant's arraignment, the defendant created a photo which included President Obama, Governor Cuomo, and Lieutenant Governor Duffy. Underneath that online photo, the defendant posted;

> "GET READY to DIE Robert Duffy (politician)"
> "GET READY to DIE Governor Andrew Cuomo"
> "GET READY to DIE Barack Obama"

The defendant also posted:

> "THIS IS THE NEW VOICE OF THE NATION…WE MUST BE A UNIFIED PEOPLE..READY TO DIE TO MAKE CONDITIONS BETTER OR WE ARE NOT WORTHY TO SERVE THE PUBLIC"

> "THE ONES WILLING OR WORTHY TO LEAD US INTO A NEW FUTURE MUST BE READY TO DIE… SO SAYS GOD"

During this same time, investigators were also contacted by the Rochester Police Department who advised that the defendant had also been posting threats against the Mayor of Rochester on the City's Website. Screen captures from the City Website were provided, and showed that these new threats were also posted by the defendant (using the name Brandon Makaveli Correa) after his arraignment on the initial indictment.

A new criminal complaint was prepared and the defendant was arrested on the new threats on August 7, 2014. The government moved to detain the defendant on the new charges and a superseding indictment was filed on August 12, 2014, which included additional counts related to the defendant's online threats against the President, the Governor, the Lieutenant Governor, and the Mayor of Rochester. Subsequent proceedings took place related to the defendant's fitness to proceed, and he was transferred to a Federal Correctional Center in Butner, North Carolina for restorative treatment. Following

restoration, a detention hearing was held after which the defendant was detained. These motions followed.

## **THE DEFENDANT SHOULD BE DETAINED**

Violation of a bail condition, especially the commission of a crime, may result in the revocation of bail, as well as prosecution for contempt of court. 18 U.S.C. § 3148(a); see, e.g., *United States v. LaFontaine*, 210 F.3d 129 (2nd Cir. 2000) (bail revoked where, among other things, probable cause that defendant engaged in witness tampering); *United States v. Ruggiero*, 796 F.2d 35 (2d Cir. 1986) (bail revoked where defendant's conduct perceived by district judge as threat to witness and to prosecutor, and defendant also involved in organized crime activity). A court must revoke bail and detain a defendant if, following a hearing, the court (1) finds probable cause to believe that the defendant has committed any crime while on release, or finds by clear and convincing evidence a violation of any other bail condition; and (2) further finds that no conditions will insure against flight or dangerousness or that the defendant is unlikely to honor the conditions of release. See 18 U.S.C. § 3148(b).

A probable cause finding involving a felony committed on release gives rise to a rebuttable presumption at a subsequent detention hearing that no conditions will assure that the defendant will not pose a danger to others. 18 U.S.C. § 3148(b). This presumption may continue to be weighed with other factors even after the defendant has come forward with rebuttal evidence. See *LaFontaine*, 210 F.3d at 130.

In this case, Magistrate Payson clearly found probable cause to believe that the defendant committed new felony crimes while on release. In fact, in making her detention decision, she stated just that.

> "At this stage there has been a superseding indictment that charges those offenses as crimes and in my view, on the record before me, there is probable cause to believe that Mr. Correa has committed another federal, state or local crime. By "another" I mean a separate crime beyond the June threats."
>
> See: *Detention Hearing Transcript*, July 1, 2015, Page 5, Lines 6-11

The Court also found that the defendant violated his bail conditions by clear and convincing evidence. Specifically, the Court determined that:

> "Based on the proffer made by the Government, I determine that there is clear and convincing evidence that Mr. Correa violated that condition by posting the threats to the internet that are the subject of the second criminal complaint and superseding indictment."
>
> See: *Id*, Page 5, Line 22 to Page 6, Line 1

The Court further found that no conditions would insure against flight or dangerousness or that the defendant is unlikely to honor the conditions of release. Specifically the Court determined that:

> "Further, I find that Mr. Correa is unlikely to abide by any condition or combination of conditions of release. The basis for my finding there is that Mr. Correa engaged in the very conduct for which he had been charged by criminal complaint and then subsequently by indictment within a matter of two days following the return and arraignment on that indictment that he engaged in that very conduct, that very conduct that was also prohibited explicitly by his conditions of release."
>
> See: *Id*, Page 6, Lines 2 to 10

Defendant's only remaining argument opposing the Court's Detention Order is the challenge to the indictment based on their misplaced reliance on *Elonis*. See *Elonis v. United States*, 135 S.Ct. 2001 (June, 2015). While the government disagrees that *Elonis* has any bearing on the Superseding Indictment, in an abundance of caution, the United States will be re-presenting the matter to the grand Jury for reconsideration in light of *Elonis*. It is therefore expected that a second superseding indictment would render the defendant's argument moot.

There is therefore no legal or factual basis to Revoke or Amend the Detention Order issued by Magistrate Payson on July 1, 2015.

## CONCLUSION

For the reasons specified herein, the defendant's motion to Revoke or Amend the Detention Order should be denied.

Dated: Rochester, New York
       July 21, 2015

                              WILLIAM J. HOCHUL, Jr.
                              United States Attorney

              By:    /s/CRAIG R. GESTRING
                     Assistant United States Attorney
                     Western District of New York
                     U.S. Attorney's Office
                     500 Federal Building
                     Rochester, NY 14614
                     (585) 399-3900
                     craig.gestring@usdoj.gov