IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.                                                                                    14-CR-6123 EAW

BRANDON CORREA,

Defendant.

## PLEA AGREEMENT

The defendant, BRANDON CORREA, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment, which charges a violation of Title 18, United States Code, Section 871 (Making a Threat Against the President) for which the **maximum possible sentence is a term of imprisonment of 5 years**, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for

1

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That on or about the date charged, the defendant wrote the words alleged in the indictment to be a threat to kill, and to inflict bodily harm upon the President of the United States;

   b. That the words were in fact a threat; and

   c. That the defendant made the threat knowingly and willfully.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On June 11, 2014, within the Western District of New York, the defendant BRANDON CORREA did knowingly and willfully make a threat to take the life of, and to inflict bodily harm upon, the President of the United States.

   b. Specifically, the defendant posted an online message using the online social network service Twitter directed to President Barack Obama in which the defendant wrote "Get ready to die faggot" and "You are a marked bitch…Im coming to watch you die."

2

c. On June 24, 2014, the United States District Court for the Western District of New York issued an Order prohibiting any contact, direct or indirect, with the President of the United States.

d. Thereafter, on August 7, 2014, BRANDON CORREA posted online messages using the online social network services Facebook and Twitter directed to President Barack Obama in which the defendant wrote "GET READY to DIE Barack Obama."

e. The defendant made and transmitted the communications for the purpose of issuing a threat, or with knowledge that the communications would be viewed as a threat.

f. Twitter and Facebook are internet based microblogging and social media websites whose corporate headquarters are outside the State of New York. Contact with Twitter and Facebook, including creation of user accounts, postings, and sending of messages between users occurs over the internet.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction and provides for a base offense level of **12**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

3

a.  the **two level** increase pursuant to Guidelines §2A6.1(b)(2)(A) (more than 2 threats).

b.  the **two level** increase pursuant to Guidelines §2A6.1(b)(3) (violation of a Court Protection Order).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8. The government and the defendant agree that the following adjustments do apply:

a.  a **three level** adjustment pursuant to § 3A1.2(a)(1) (official victim) applies.

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **19**.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines §3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment pursuant to Guidelines §3E1.1(b), which would result in a **total offense level of 16**.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is

4

sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, **with a total offense level of 16 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of 33 to 41 months, a fine of $5,000 to $50,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

13. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that, upon consideration of the factors set forth in Title 18, United States Code, Section 3553(a), a non-Guidelines sentence is appropriate and that the Court at the time of sentence impose a 18-month term of imprisonment as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

14. The defendant understands that, except as set forth in paragraph 13 above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to making threats against the President, or making and transmitting threats by interstate communications which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

16. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17. At sentencing, the government will move to dismiss the open counts of the Indictment.

## VI. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine, and supervised release set forth in Section III, Paragraph 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which includes a sentence of imprisonment of 18 months and otherwise falls within or is greater than the sentencing range for a fine and supervised release set forth in Section III, Paragraph 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

21. This plea agreement represents the total agreement between the defendant, BRANDON CORREA, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
CRAIG R. GESTRING
Assistant United States Attorney
Dated: October 26, 2015

8

I have read this agreement, which consists of 9 pages. I have had a full opportunity to discuss this agreement with my attorney, Robert G. Smith, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


_____        _____
BRANDON CORREA                                                    ROBERT G. SMITH, ESQ.
Defendant                                                                     Attorney for the Defendant

Dated: October 26, 2015                                   Dated: October 26, 2015

9